UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLE GRANT,

        Plaintiff,                      Civil Action No. 22-cv-12353
                                                  HON. BERNARD A. FRIEDMAN

vs.

S&F REAL PROPERTY
ASSOCIATES, LLC, *et al.*,

        Defendants,

_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT

This matter is before the Court on a "motion to alter or amend a judgment per FRCP 59, or in the alternative, motion for relief from judgment per FRCP 60" filed by plaintiff Carole Grant. (ECF No. 46). No response brief or argument is required. For the reasons that follow, the Court denies the motion.

    I.        Background

On June 14, 2023, this Court entered an Order laying out the procedural history of the case and dismissing for lack of subject matter jurisdiction. (ECF No. 45). Prior to that, potential jurisdictional defects had been identified in at least four different filings: defendants' S&F and Weinstock's first motion which included a

request for a *sua sponte* dismissal for lack of subject matter jurisdiction, (ECF No. 5); defendants' motion to dismiss, (ECF No. 10); defendants' (now stricken) renewed motion to dismiss, (ECF No. 34); and Judge Goldsmith's Show Cause Order, (ECF No. 37). Plaintiff Grant was given, and availed herself of, an opportunity to respond to the Show Cause Order through a filing made by Attorney David Soble. (ECF No. 38). The Court considered the responses to the Show Cause Order filed by both sides, and then entered an Order dismissing the case for lack of subject matter jurisdiction. (ECF No. 45).

Plaintiff Grant now seeks, through Attorney Melissa Brown, relief under Federal Rules of Civil Procedure ("Rules") 59 and 60. (ECF No. 46).

II.  Legal Standard

A motion to alter or amend a judgment under Rule 59(e) may be granted "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case" and "parties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made" earlier. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (cleaned up).

Rule 60(b) permits a court to relieve a party from a final order for a variety of reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Rule 60(b)(1), (6). Again, however, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)

III. Analysis

In the present motion, plaintiff Grant urges that "[i]t is clear error and a mistake to dismiss Plaintiff's claims when HOEPA [Home Ownership and Equity Protection Act] explicitly grants a private right of action for individuals such as Plaintiff." (ECF No. 46, PageID.608) (citing 15 U.S.C. § 1640(a)). This argument was not raised, however, in response to the Court's Show Cause Order. To the contrary, Grant's submission then relied primarily on arguments related to the Dodd-Frank Wall Street Reform and Consumer Protection Act. (ECF No. 38, PageID.548-49).[1]

---

[1] Moreover, neither the original nor the amended complaint identified HOEPA in its jurisdictional statement. *See* (ECF No. 1, PageID.3); (ECF No. 24, PageID.413). This is particularly noteworthy because the amended complaint was filed after defendants had at least twice formally identified potential jurisdictional issues. *See* (ECF No. 5) (motion requesting in part that the Court *sua sponte* dismiss the case for lack of subject matter jurisdiction); (ECF No. 10) (motion seeking dismissal in part under Rule 12(b)(1) for lack of subject matter jurisdiction).

Grant's motion offers the following explanation for the failure to raise this argument in response to the Show Cause Order:

> Undersigned counsel was heretofore unable to present these arguments to the court as she was on medical leave as of the time that the prior briefs were due. Specifically, undersigned counsel was hospitalized on March 22, 2023, for the birth of her child, which occurred on March 24, 2023, by way of unplanned cesarian.
>
> Undersigned counsel has only recently been able to re-engage in the present litigation and was unable to participate in the pleadings filed on March 27, 2023 or thereafter. This Court should grant this motion per FRCP 60(b)(1) as Undersigned Counsel's medical leave should not hinder Plaintiff's fight for relief.

(ECF No. 46, PageID.623) (footnote omitted).  The Court is very sympathetic to medical emergencies.  In this instance, however, the plaintiff was represented by at least two attorneys: Melissa Brown and David Soble.  Attorney Soble in fact filed a response to the Show Cause Order and opted not to make the argument now advanced.  (ECF No. 38).  Although Attorney Brown may not have been able to re-engage in the litigation until recently, Attorney Soble appears to have represented plaintiff Grant throughout the entire proceedings.  *See* Docket.  Grant is not entitled to a second bite at the apple simply because one of her attorneys would have opted for a different strategy than the one pursued in that attorney's absence.  Accordingly,

4

IT IS ORDERED that Grant's motion to alter or amend judgment or, in the alternative, motion for relief from judgment, (ECF No. 46) is DENIED.

**SO ORDERED.**

Dated: July 14, 2023  
Detroit, Michigan

s/Bernard A. Friedman  
Hon. Bernard A. Friedman  
Senior United States District Judge